IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **LEVI ARTHUR FEDD,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| VS. : | |
| : | CIVIL No: 5:15-CV-0104-MTT |
| **Doctor ALMEDOM, et. al.** : | |
| : | |
| **Defendants** : | |

### ORDER ON MOTIONS

Plaintiff Levi Arthur Fedd has filed notice of his intent to appeal this Court's dismissal of his *pro se* civil rights complaint for failure to exhaust. *See* Order, Feb. 12, 2016, ECF No. 48. Plaintiff has also filed both a Motion to Proceed *in forma pauperis* on Appeal (ECF No. 53) and Motion for Appointment of Counsel (ECF No. 54).

**I.** **Motion to Proceed *in forma pauperis* on Appeal**

Pursuant to 28 U.S.C. § 1915(a), the district court may authorize an appeal of a civil action without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets and that states he is unable to pay or give security therefor. An appeal, however, may not be taken *in forma pauperis* – regardless of the plaintiff's economic eligibility – if the trial court finds that the appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.").

"Good faith" means that an issue exists on appeal that is not frivolous under an objective standard. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). While the good-faith test under § 1915 does not require a preliminary showing of any particular degree of merit, the examining court must at least be able to determine from the plaintiff's application whether the appeal involves legal points that are arguable on their merits. *DeSantis v. United Techs. Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998) (citations omitted). That is, the legal theories raised in the appeal must be "capable of being convincingly argued." *Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)) ("[A]n IFP action is frivolous, and thus not brought in good faith, if it is 'without arguable merit either in law or fact.'"). If they are not, the appeal is "indisputably meritless," frivolous, and brought without good faith. *Id*. at 859 (quoting *Carroll* 984 F.2d at 393).

In this case, Plaintiff's *in forma pauperis* affidavit and prison trust account statement (ECF No. 54) are sufficient to demonstrate his inability to prepay the appellate filing fees. Nonetheless, after a review of Plaintiff's Motion to Proceed *in forma pauperis*, Notice of Appeal, and the Order dismissing Plaintiff's Complaint, the Court finds no good faith basis for his appeal. Plaintiff's appeal would be frivolous as to each issue raised for the reasons stated and/or adopted in Court's prior orders. The Court therefore certifies, pursuant to § 1915(a)(3), that Plaintiff's appeal is not taken in good faith. Plaintiff's Motion to Proceed *in forma pauperis* on appeal is **DENIED**.

Even if the Court assumed, arguendo, that this appeal could be taken in good faith, Plaintiff is also barred from proceeding *in forma pauperis* on appeal by 28 U.S.C. §

1915(g). This federal statute prohibits a prisoner from bringing a civil action or appeal in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . .

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). If a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited. *See id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple lawsuits in federal court and that at least three of his complaints or appeals have been dismissed as frivolous or malicious or for failure to state a claim prior to Plaintiff's filing this Notice of Appeal. *See e.g, Fedd v. Singh,* 1:16-cv-0024, ECF No. 5 (M.D. Ga. Feb. 24, 2016) (dismissed for lack of jurisdiction); *Fedd v. Almedom*, 5:15-cv-0104 (M.D. Ga. Feb. 12, 2016) (failure to state a claim and failure to exhaust); *Fedd v. Byrd*, 7:10-CV-0127 (M.D. Ga. June 3, 2011) (failure to prosecute, abuse of process). For this reason, and because there is nothing alleged Plaintiff's submissions to suggest that the three strikes bar cannot be applied in this case, *see Medberry*, 185 at 1193, the undersigned finds that Plaintiff is barred from proceeding on appeal without prepayment of the full $505.00 filing fee.

## II.     Motion for Appointment of Counsel

Because the Court finds his appeal frivolous, Plaintiff's Motion for the Appointment of Counsel on Appeal is also **DENIED**. The Court further finds that, even if there was a non-frivolous issue for appeal, the essential facts and relevant legal doctrines in this case are ascertainable by Plaintiff without the assistance of an attorney. *See generally, Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987); *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989). The appointment of counsel for the purpose of appeal is not warranted despite Plaintiff's incarceration, limited access to legal materials, and lack of trial experience. *See* Motion, May 5, 2016, ECF No. 53, pp.1-2.

## III.    Conclusion

For those reasons stated herein, Plaintiff's Motion to Proceed *in forma pauperis* on Appeal and Motion for Appointment of Counsel are both **DENIED**.

**SO ORDERED** this 13th day of June, 2016.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT